IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kristi W.,[1] | ) | Case No. 8:22-cv-00996-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). [Doc. 26.] Plaintiff's counsel seeks attorney's fees in the amount of $17,281.75, minus the $8,650.00 paid to the Plaintiff's attorney under the Equal Access to Justice Act ("EAJA"), for a net total of $8,631.75. [*Id.*] The Commissioner neither supports nor opposes counsel's request for attorney's fees. [Doc. 28 at 2.] Upon review of the motion and the applicable law, the Court finds that an award of $17,281.75 is reasonable.

Section 406(b) caps an attorney's fee award at 25% of the claimant's past-due benefits. In addition, as an independent check, § 406(b) directs courts to review contingency fee agreements to ascertain whether they yield a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Therefore, contingency fee agreements

---

[1] The caption is modified to refer to Plaintiff by her first name and last initial consistent with the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the Unite States due to significant privacy concerns in Social Security cases. *See Tara M. v. Kijakazi,* No. 8:20-3363-BHH, 2021 WL 4777363, at *1 n.1 (D.S.C. Oct. 13, 2021).

in Social Security cases must meet two requirements: (1) the fee must not exceed 25% of the claimant's past-due benefits, and (2) the fee must be reasonable. *Id.*

In *Gisbrecht*, the United States Supreme Court did not provide factors to assess the reasonableness of a contingency fee agreement but stated that district courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.* at 808. That said, the Fourth Circuit has considered the following factors relevant to the district court's reasonableness inquiry: "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). Relatedly, a reduction in the contingent fee may be appropriate

> when (1) the fee is out of line with "the character of the representation and the results . . . achieved," (2) counsel's delay caused past-due benefits to accumulate "during the pendency of the case in court," or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case."

*Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

The contingency fee agreement between Plaintiff and Plaintiff's counsel "provide[d] for a reasonable fee for services in court as determined by the court, not to exceed 25% of the past-due benefits." [Doc. 26-1 at 1–2.] "On remand from this Court, Plaintiff was awarded at least $69,127.00 in past-due benefits . . . ." [*Id.* at 1.] Accordingly, "[t]he maximum fee the Court may award under 42 U.S.C. § 406(b) is $17,281.75." [*Id.* at 2.]

Further, the requested attorney's fee is reasonable because of the skill required of Plaintiff's counsel in this case, the amount of time spent on the case, Plaintiff's counsel's

experience in Social Security cases, and the favorable result obtained for Plaintiff. The case required an attorney with in-depth knowledge of Social Security disability representation, and Plaintiff's counsel provided approximately 37.40 hours of attorney services before the district court [*see* Docs. 26-1 at 4–5; 26-5]—without any undue delays causing benefits to accumulate [*see* Doc. 26-1 at 7]. Plaintiff's counsel obtained a favorable result for her client. [*See id.* at 7.] As a result, Plaintiff's counsel's fee in the amount of $17,281.75 is reasonable and does not warrant reduction for the reasons articulated in *Gisbrecht*.

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) [Doc. 26] is GRANTED, and Plaintiff's counsel is awarded attorney's fees in the amount of $17,281.75, minus the $8,650.00 paid to the Plaintiff's attorney under the EAJA, for a net total of $8,631.75. *See Widmer v. Kijakazi*, 668 F. Supp. 3d 446, 447 (E.D. Va. 2023) ("[T]he Court finds that a reduction in the fee award by [the amount previously awarded under the EAJA] is an appropriate and reasonable alternative to granting a full fee award but ordering counsel to reimburse Plaintiff with the amount of the lesser award . . . ."); *see also Jackson v. Comm'r of Soc. Sec.,* 601 F.3d 1268, 1274 (11th Cir. 2010). This amount shall be paid out of Plaintiff's past-due benefits in accordance with agency policy.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 6, 2026
Greenville, South Carolina